**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Conwell O Ponath, et al., | No. CV-22-01523-PHX-DLR |
| Appellants, | **ORDER** |
| v. | |
| Jill H Ford, | |
| Appellee. | |

Appellants Conwell and Cheryl Ponath filed a Chapter 7 bankruptcy petition on January 18, 2022. Appellee Jill Ford was appointed acting trustee of the bankruptcy estate. As of the petition date, Appellants owned a homestead in Buckeye, Arizona and had about $114,000 in equity in the homestead. Appellants claimed a homestead exemption in the real property under Arizona law that exceeded the amount of their equity in the property at the time they filed their petition, and Appellee objected.

The bankruptcy court held a hearing on July 14, 2022, to address this objection, among other things. The bankruptcy court informed the parties that *Wilson v. Rigby*, 909 F.3d 306, 308 (9th Cir. 2018) controlled the amount a debtor may claim as a homestead exemption. The bankruptcy court entered an order to that effect without objection. Yet this appeal followed.

Appellants raise a single legal issue: whether a debtor's Arizona homestead exemption claim is limited to the amount of equity in the homestead property that existed

at the time the debtor filed his Chapter 7 bankruptcy petition. Because this is a question of law, the Court reviews it de novo. *Gebhart v. Gaughan*, 621 F.3d 1206, 1209 (9th Cir. 2010); *Rigby*, 909 F.3d at 308.

Upon filing a bankruptcy petition, a debtor's legal and equitable interests pass to the bankruptcy estate, out of which the bankruptcy pays the debtor's creditors. *Rigby*, 909 F.3d at 309. Once property transfers to the bankruptcy estate, so too do all "[p]roceeds, product, offspring, rents, or profits" derived from that property. 11 U.S.C. § 541(a)(6). Debtors may exempt certain property, including homesteads, from the bankruptcy estate. 11 U.S.C. § 522(b)(1). States may establish their own homestead exemptions. *Rigby*, 909 F.3d at 309. Regardless of whether a debtor "claim[s] federal or state law exemptions, the value of the exemption is fixed by reference to the date of the filing of the bankruptcy petition." *Id.*; *see also Gebhart*, 621 F.3d at 1211 ("[W]hat is frozen as of the date of filing the petition is the value of the debtor's exemption.").

Arizona law limits a homestead exemption to (1) the interest a debtor has in the property, (2) not to exceed $250,000. A.R.S. § 33-1101(A); *see In re Tillman*, 53 F.4th 1160, 1173 (9th Cir. 2022) (recognizing that a debtor may not claim the statutory limit if his interest in the homestead is less than the statutory limit).

Under this framework, the maximum homestead exemption allowable to Appellants was the lesser of their interest in the homestead at the time they filed the petition or $250,000. The Court agrees with the bankruptcy court that *Rigby* controls; the value of the exemption claimed is "frozen as of the date of filing the petition," even if the home later appreciates in value, the so-called Snapshot Rule. *Rigby*, 909 F.3d at 308-09 (quoting *Gebhart*, 621 F.3d at 1211). Here then, the value of Appellants' homestead exemption is "frozen" at the amount claimed "as of the date of filing the petition," regardless of whether the homestead appreciates.

Appellants argue that they are entitled to any post-petition appreciation in value of the homestead, up to the maximum statutory exemption, relying entirely on their own and the *Rigby* dissent's characterization of *Gebhart*. But these arguments were expressly

rejected by the majority opinion in *Rigby*, which concluded that *Gebhart* was one of many Ninth Circuit cases that did not "allow[] debtors to benefit from the post-petition appreciation of their homestead." *Rigby*, 909 F.3d at 309; *see id.* at 311. Regardless of the persuasiveness of Appellant's' argument, the Court is bound by the majority opinion in *Rigby*.

**IT IS ORDERED** that the bankruptcy court's July 25, 2022 order (Doc. 5-16) is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgement in favor of Appellee and terminate this case.

Dated this 9th day of May, 2023.

Douglas L. Rayes
United States District Judge